**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAMESHA ARLENA ROBERTSON, | No. 13-15449 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-02996-JSW |
| v. | |
| CITIBANK, NA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Lamesha Arlena Robertson appeals pro se from the district court's judgment

dismissing her action alleging federal and state law claims arising from foreclosure

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

district court's dismissal for failure to state a claim under Federal Rule of Civil

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Robertson's quiet title and wrongful foreclosure claims because the claims rely on legal bases rejected by California courts and Robertson failed to allege facts sufficient to "state [any] claim to relief that is plausible on its face." *Id*. at 341-42 (citation omitted); *see, e.g.*, *Saterbak v. JP Morgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795-96 (Ct. App. 2016) (plaintiff bears burden of pleading that a defect in assignment renders the assignment void, rather than voidable); *Siliga v. Mortg. Elect. Registration Sys., Inc.*, 161 Cal. Rptr. 3d 500, 506 (Ct. App. 2013) ("California courts have held that a trustor who agreed under the terms of the deed of trust that MERS, as the lender's nominee, has the authority to exercise all of the rights and interests of the lender . . . is precluded from maintaining a cause of action based on the allegation that MERS has no authority to exercise those rights."), *disapproved of in part on other grounds by Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845 (Cal. 2016); *Debrunner v. Deutsche Bank Nat'l Trust Co.*, 138 Cal. Rptr. 3d 830, 835 (Ct. App. 2012) (party need not possess promissory note to foreclose).

The district court properly dismissed Robertson's Fair Debt Collection

Practices Act ("FDCPA") claims because Robertson failed to allege facts sufficient to show defendants engaged in debt collection activity. *See* 15 U.S.C. § 1692a(5), (6); *Ho v. ReconTrust Co.,* 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect a 'debt' as that term is defined by the FDCPA."). Robertson also failed to allege facts sufficient to show defendants took or threatened to "take any nonjudicial action to effect dispossession . . . of property" without a "present right to possession of the property claimed as collateral through an enforceable security interest." *See* 15 U.S.C. § 1692f(6)(A).

The district court did not abuse its discretion in not granting Robertson leave to file a second amended complaint because amendment would be futile. *See Chappel v. Lab. Corp.*, 232 F.3d 719, 725 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . . ."); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court's discretion "particularly broad" when it has already granted a plaintiff leave to amend).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

13-15449

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Robertson's request for oral argument, set forth in her opening brief, and request for judicial notice (Docket Entry No. 24), are denied.

**AFFIRMED.**